UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RONNELL PERKINS,<br><br>                              Plaintiff,<br><br>v.<br><br>C. ANGULO, et al.,<br><br>                              Defendants. | Case No.: 18cv850-DMS-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>**[ECF No. 44]** |

Currently before the Court is Plaintiff's Motion to Compel [ECF No. 44] and Defendants' Response [ECF No. 53]. Plaintiff requests that the Court compel Defendants to serve further responses to Plaintiff's Requests for Production ("RFPs") Nos. 3-8, 10-14. ECF No. 44 at 5-6. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

## PROCEDURAL BACKGROUND

On June 8, 2020, Plaintiff, Gary Ronnell Perkins, a prisoner proceeding *pro se*, filed the instant Motion to Compel further responses to Plaintiff's RFPs Nos. 3-8, 10-14.[1] ECF No. 44. On June 8, 2020, after reviewing Plaintiff's Motion, the Court found it appropriate to direct the Parties to meet and confer by June 19, 2020. ECF No. 45. On June 18, 2020,

---

[1] The motion was filed *nunc pro tunc* to June 1, 2020. See ECF Nos. 43, 44.

1

the Parties met and conferred telephonically. ECF No. 53 at 2. On June 25, 2020, Defendant filed a Response. See id. Because the Parties' meet and confer efforts were not completely successful, the Court turns to the substance of the Parties' dispute.

## LEGAL STANDARD

The Federal Rules of Civil Procedure defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed R. Civ. P. 26(b)(1).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Id. at 34(b)(2)(B).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirement of Rule 26(b)(1)." Bryant v. Ochoa, 2009 U.S. Dist. LEXIS 42339, at *3 (S.D. Cal. May 14, 2009) (citations omitted). Thereafter, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Id. (citations omitted).

## ANALYSIS

### A.   RFP No. 3

Plaintiff's RFP No. 3 requests: "Statutes, Rules or case law each defendant relied upon in believing actions to be unlawful." ECF No. 44 at 13. In their Response, Defendants

state following the Parties' meet and confer, Defendants agreed to "produce the policies, laws, rules, and guidelines they followed in processing Plaintiff's Form 1046 Family Visiting Application." ECF No. 53 at 2.

As the Parties do not appear to have yet reached an impasse as to RFP No. 3, Plaintiff's Motion to Compel a further response to Plaintiff's RFP No. 3 is **DENIED WITHOUT PREJUDICE**. Defendants are directed to complete their proposed supplementation, to the extent they have not done so already, **within three weeks of the date of this Order.**

B.  **RFP No. 4**

Plaintiff's RFP No. 4 requests: "All documents and records showing individual defendants reviewing process, notation of the CDCR1046 Application." ECF No. 44 at 13. In their Response, Defendants state they do not have "contemporaneous notes or forms drafted when reviewing Plaintiff's 1046 form" and have already produced the "only other document" responsive to Plaintiff's request—"Defendant Angulo's 128-B." ECF No. 53 at 2. [2]

Plaintiff's Motion to Compel a further response to RFP No. 4 is **GRANTED IN PART** and **DENIED IN PART**. This Court cannot compel Defendants to produce documents that do not exist. See Garcia v. Blahnik, No. 14cv875-LAB-BGS, 2016 U.S. Dist. LEXIS 92370, at *9 (S.D. Cal. July 15, 2016); see also Baker v. Moore, No. 1:12-cv-00126-LJO-SAB, 2016 U.S. Dist. LEXIS 25463, at *18 (E.D. Cal. Mar. 1, 2016) ("Defendant cannot be compelled to provide copies of documents that do not exist.").

If Defendants maintain that no additional responsive documents exist however, Defendants must state so under oath. Solarcity Corp. v. Doria, No. 16cv3085-JAH-RBB, 2018 U.S. Dist. LEXIS 8286, at *18 (S.D. Cal. Jan. 18, 2018); Medina v. Cty. of San Diego,

---

[2] Defendants further represent that they are searching to determine if "there are any copies of the 1046 Family Visiting Application that differ from the one produced, and will produce any such copies and produce another version of the form in question." ECF No. 53 at 2-3.

3

No. 08cv1252 BA-RBB, 2014 U.S. Dist. LEXIS 135672, at *68-69 (S.D. Cal. Sep. 25, 2014).

Defendants are therefore **ORDERED** to provide Plaintiff with a properly executed response with a statement under oath **within three weeks of the date of this Order.**

C. **RFP Nos. 5-7**

Plaintiff's RFPs Nos. 5-7 generally request CDCR documents on what activity constitutes "narcotics distribution." Specifically:

- RFP No. 5 requests: " All documents which displays what CDCR Training is to correctional staff in regards to what specific is considered narcotics distribution."
- RFP No. 6 requests: "All documents on CDCR Training of it [sic] Staff on the actual possession on narcotics for Personal use verse distribution."
- RFP No. 7 requests: "All documents that each defendant received any Training of CDCR statute, rules and Policy on how to determine Personal use verse [sic] distribution of controlled Substance."

ECF No. 44 at 13.

For each of Plaintiff's RFPs Nos. 5-7, Defendants identically objected as follows:

> Objection. The request is over broad and without reasonable limitation in scope and as such is not proportionate to the legal and factual matters at issue in this litigation. This request seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Id. at 21-22.

In their Supplemental Responses, Defendants clarified their position by asserting: "Defendants were not obligated to re-process or re-adjudicate the rules violations reports upon which they relied in making the determination of whether or not to approve or deny Plaintiff's application" and instead provided "written clarification" regarding "how they made the determination that Plaintiff's guilty finding for conspiracy to introduce narcotics

4

into the prison was for the purposes of sale or distribution, and not personal use." ECF No. 53 at 3-8.

Plaintiff's Motion to Compel a further response to RFP Nos. 5-7 is **GRANTED IN PART** and **DENIED IN PART**. The Court agrees with Defendants that how Plaintiff's November 24, 1996 Rules Violation Report was previously decided is not relevant to the instant suit. The Court notes, for instance, that Plaintiff conceded none of the Defendants in the instant case were involved in the adjudication of his November 24, 1996 Rules Violation Report. See ECF No. 19 at 13.

However, materials regarding how Defendants interpreted "narcotics distribution" in denying Plaintiff's Family Visitation Application under Title 15, Section 3177 are relevant to Plaintiff's claims. To this point, the Court notes that Defendants already agreed to supplement their production by "produc[ing] the policies, laws, rules, and guidelines they followed in processing Plaintiff's Form 1046 Family Visiting Application." ECF No. 53 at 2. To the extent these "policies, laws, rules, and guidelines" include CDCR materials Defendants followed to interpret "narcotics distribution" when denying Plaintiff's Family Visitation Application, Defendants are **ORDERED** to produce them **within three weeks of the date of this Order.**

**D.     RFP No. 8**

Plaintiff's RFP No. 8 requests: "The CDCR 804 form 'Notice of Pending CDC – 115 dated November 26, 1996 Classified by A. Lopez Correctional Counselor II for Alleged Rule Violation Report dated 1996." ECF No. 44 at 14. In their Response, Defendants state that "no such document exists." ECF No. 53 at 9. Specifically, Defendants state the CDCR 804 form "is removed from the inmate's file upon . . . the finalization of the CDCR 115 [form]." Id. at 9. In their meet and confer, Defendants clarified to Plaintiff that Defendants also searched the records at Centinela State Prison (where the alleged incident occurred) for the CDCR 804 form. Id.

Plaintiff's Motion to Compel a further response to RFP No. 8 is **GRANTED IN PART** and **DENIED IN PART.** As stated above, this Court cannot compel Defendants to

produce documents that do not exist. See Garcia, 2016 U.S. Dist. LEXIS 92370, at *9; see also Baker, 2016 U.S. Dist. LEXIS 25463, at *18.  If Defendants maintain that the CDCR 804 form no longer exists however, they must state so under oath. Solarcity, 2018 U.S. Dist. LEXIS 8286, at *18; Medina, 2014 U.S. Dist. LEXIS 135672, at *68-69.

Defendants are therefore **ORDERED** to provide Plaintiff with a properly executed response with a statement  under oath **within three weeks of the date of this Order.**

### E.     RFP No. 10

Plaintiff's RFP No. 10 requests: "Please provide any and all documentation which specifically states plaintiff was ever charged and found guilty of the specific act of participating in a Prison 'RIOT.'" ECF No. 44 at 14. In their Response, Defendants "acknowledge" that there are no documents showing that Plaintiff was "charged and found guilty of the specific act of participating in a prison riot." ECF No. 53 at 9.[3]

Plaintiff's Motion to Compel a further response to RFP No. 10 is **GRANTED IN PART** and **DENIED IN PART.** Defendants have conceded there are no documents stating Plaintiff was charged or found guilty of participating in a prison riot, and this Court cannot compel Defendants to produce documents that do not exist. See Garcia, 2016 U.S. Dist. LEXIS 92370, at *9; see also Baker, 2016 U.S. Dist. LEXIS 25463, at *18.  If Defendants maintain that no such documents exist however, they must state so under oath. Solarcity, 2018 U.S. Dist. LEXIS 8286, at *18; Medina, 2014 U.S. Dist. LEXIS 135672, at *68-69.

Defendants are therefore **ORDERED** to provide Plaintiff with a properly executed response with a statement  under oath **within three weeks of the date of this Order.**

### F.     RFP No.  11

Plaintiff's RFP No. 11 requests: "Any and all documents of dangerous, violent behavior of plaintiff which defendants claimed raised valid concerns for the potential of danger, violence, and threat to the safety of other inmates, staff, and the institution at

---

[3] Defendants state they instead produced documents finding Plaintiff guilty of participating in a melee. ECF No. 53 at 9.

Centinela State Prison if plaintiff's family visiting application was granted on August 15, 2017." ECF No. 44 at 14.

In their Response, Defendants concede the "documents produced per this request" regarding Plaintiff's "prior behavior that could raise valid concerns" regarding Plaintiff's "potential for danger, violence, and threat to the safety of other inmates, staff, and the institution at Centinela State Prison" are "not infractions upon which Plaintiff's Family Visitation Application could be denied." Id.

Plaintiff's Motion to Compel a further response to RFP No. 10 is **GRANTED IN PART** and **DENIED IN PART.** Here, Defendants appear to be conceding that there are no documents regarding Plaintiff's prior behavior (beyond Plaintiff's November 24, 1996 Rules Violation Report) that would be infractions upon which Plaintiff's Family Visitation Application could have been denied. If Defendants maintain that no such documents exist however, they must state so under oath. Solarcity, 2018 U.S. Dist. LEXIS 8286, at *18; Medina, 2014 U.S. Dist. LEXIS 135672, at *68-69.

Defendants are therefore **ORDERED** to provide Plaintiff with a properly executed response with a statement under oath **within three weeks of the date of this Order.**

### G.   RFP No. 12

Plaintiff's RFP No. 12 requests: "Any and all documents which CDCR list any and all Rule violations Preclusions from family-visiting program dated on July 11, 2017 specifically but not limited to the Following: (a) possessing a cell phone (b) Threatening staff (c) Participating in a Melee[.]" ECF No. 44 at 14.

During the Parties' meet and confer, Defendants agreed to produce any "policies, rules, procedures, and guidelines" in effect at the time Defendants processed Plaintiff's 1046 Family Visitation Application "showing that possessing a cell phone, threatening staff, or participating in a melee" were grounds for denying a family visitation application. ECF No. 53 at 11. In their Response however, Defendants concede that "upon review of the policies governing family visitation applications in 2017, there are no documents showing that infractions consisting of (a) possessing a cell phone; (b) threatening staff; or

7

(c) participating in a melee are events upon which a family visitation application may be denied." Id.

Plaintiff's Motion to Compel further responses to RFP No. 12 is **GRANTED IN PART** and **DENIED IN PART.** Here, Defendants concede that no documents exist showing infractions of: (1) possessing a cellular phone; (2) threatening staff; or (3) participating in a melee are grounds for the denial of a family visitation application. As stated above, this Court cannot compel Defendants to produce documents that do not exist. See Garcia, 2016 U.S. Dist. LEXIS 92370, at *9; see also Baker, 2016 U.S. Dist. LEXIS 25463, at *18. If Defendants maintain that no such documents exist however, they must state so under oath. Solarcity, 2018 U.S. Dist. LEXIS 8286, at *18; Medina, 2014 U.S. Dist. LEXIS 135672, at *68-69.

Defendants are therefore **ORDERED** to provide Plaintiff with a properly executed response with a statement under oath **within three weeks of the date of this Order.**

### H. RFP No. 13

Plaintiff's RFP No. 13 requests: "Please Provide the document that indicates the exact amount [sic] of inmates you've alleged to be involved in Prison Riot on 9/11/1998." ECF No. 44 at 15.

Defendants objected to RFP No. 13 as follows:

> Objection. The request is over broad and without reasonable limitation in scope and as such is not proportionate to the legal and factual matters at issue in this litigation. This request seeks information not reasonably calculated to lead to the discovery of admissible evidence.

ECF No. 44 at 23.

Defendants did not address RFP No. 13 in their response to Plaintiff's Motion and it is not clear to the Court whether the Parties discussed RFP No. 13 at their meet and confer. See ECF No. 53.

///

Case 3:18-cv-00850-DMS-LL   Document 55   Filed 07/13/20   PageID.565   Page 9 of 10

To the extent that the Parties remain at an impasse however, the Court notes Defendants already conceded that there are no documents stating Plaintiff was ever charged or found guilty of participating in a prison riot. ECF No. 53 at 9. For these reasons, the Court does not find that Plaintiff's RFP No. 13 satisfies the relevancy requirement and Plaintiff's Motion to Compel a further response to RFP No. 13 is **DENIED.**

### I.      RFP No. 14

Plaintiff's RFP No. 14 requests: "Please Provide the statistics of LWOP inmates who was [sic] approved for family-visiting within the California Department of Corrections and rehabilitation from February 21, 2017 thru December 31, 2017." ECF No. 44 at 15.

Defendants objected to Plaintiff's RFP No. 14 as follows:

> Objection. The request is over broad and without reasonable limitation in scope and as such is not proportionate to the legal and factual matters at issue in this litigation. This request seeks information not reasonably calculated to lead to the discovery of admissible evidence.

ECF No. 44 at 24. Following the Parties' meet and confer, Defendants maintained their objection. ECF No. 53 at 12.

The Court does not find Defendants' objections well-founded. In the instant case, Plaintiff alleges Defendants "discriminated against Plaintiff" because they denied Plaintiff's family visitation privileges, a "benefit that they have granted to other inmates equally situated as [P]laintiff." ECF No. 16 at ¶ 16. The statistical data requested by Plaintiff is therefore relevant to Plaintiff's Equal Protection claim. See Johnson v. Clarke, No. C05-5401FDB, 2006 U.S. Dist. LEXIS 47035, at *4 (W.D. Wash. June 30, 2006) ("To prove his case and to survive summary judgment plaintiff will necessarily need some statistical information as to how other similarly situated inmates are treated.").

Plaintiff requests statistical data from February 21, 2017 to December 31, 2017. ECF No. 44 at 15. Given the date Plaintiff allegedly submitted his Family Visitation application (July 11, 2017), and the dates the application was denied (August 15, 2017 and October

9

18cv850-DMS-LL

10, 2017), the Court does not find the time frame Plaintiff provided to be overly broad. See ECF No. 27 at ¶¶ 10, 12, 14.

To the extent Plaintiff is seeking statistical data from institutions other than Centinela State Prison (where his application was denied) however, the Court finds Plaintiff's request to be overbroad. See Johnson, 2006 U.S. Dist. LEXIS 47035, at *6 ("The court intends to focus the parties in this case to the relevant discovery at the relevant institution.").

For these reasons, Plaintiff's Motion to Compel a further response to RFP No. 14 is **GRANTED IN PART** and **DENIED IN PART.** Defendants is **ORDERED** to produce statistical data responsive to Plaintiff's request limited to Centinela State Prison **within three weeks of the date of this Order.**

**IT IS SO ORDERED.**

Dated: July 13, 2020

_____
Honorable Linda Lopez
United States Magistrate Judge