UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GARY RONNELL PERKINS,

Plaintiff,

v.

C. ANGULO, et al.,

Defendants.

Case No.: 18cv850-DMS-LL

**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE INFORMATION**

**[ECF No. 66]**

Currently before the Court is Plaintiff's "Motion to Exclude Information" [ECF No. 66] and Defendants' Response [ECF No. 68]. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

**RELEVANT DISCOVERY BACKGROUND**

The instant motion arises from: (1) Plaintiff's Requests for Production ("RFPs") Nos. 5-7; and (2) the Court's July 13, 2020 Order [ECF No. 55] on Plaintiff's Motion to Compel [ECF No. 44].

**I. Plaintiff's RFPs Nos. 3-8 and Defendants' Responses**

On April 2, 2020, Plaintiff Gary Ronnell Perkins, a prisoner proceeding *pro se*, served his First Set of Requests for Production ("RFPs") on Defendants. ECF No. 44 at 9-16. Relevant to the instant dispute are Plaintiff's RFPs Nos. 5-7, which generally

request CDCR documents on narcotics distribution.

Specifically:

- RFP No. 5 requests: "All documents which displays what CDCR Training is to correctional staff in regards to what specific is considered narcotics distribution."
- RFP No. 6 requests: "All documents on CDCR Training of it [sic] Staff on the actual possession on narcotics for Personal use verse [sic] distribution."
- RFP No. 7 requests: "All documents that each defendant received any Training of CDCR statute, rules and Policy on how to determine Personal use verse [sic] distribution of controlled Substance."

ECF No. 44 at 13.

For each of Plaintiff's RFPs Nos. 5-7, Defendants initially identically objected as follows:

> Objection. The request is over broad and without reasonable limitation in scope and as such is not proportionate to the legal and factual matters at issue in this litigation. This request seeks information not reasonably calculated to lead to the discovery of admissible evidence.

Id. at 21-22.

## II. The Court's July 13, 2020 Order

On May 25, 2020, Plaintiff filed a Motion to Compel further responses to Plaintiff's RFPs Nos. 3-8, 10-14, which was received by the Court on June 1, 2020, and accepted on discrepancy on June 8, 2020. ECF Nos. 43, 44. On June 8, 2020, the Court issued an Order directing the Parties to meet and confer on Plaintiff's Motion. ECF No. 45.

On June 25, 2020, Defendants filed a Response where they set forth their agreement to supplement their responses to Plaintiff's RFPs Nos. 5-7 by providing "written clarification" on "how they made the determination that Plaintiff's guilty finding for conspiracy to introduce narcotics into the prison was for the purposes of sale or

distribution, and not personal use." ECF No. 53 at 3-8. On July 13, 2020, the Court granted-in-part and denied-in-part Plaintiff's Motion to Compel. ECF No. 55. With respect to Plaintiff's RFPs Nos. 5-7, the Court found:

> The Court agrees with Defendants that how Plaintiff's November 24, 1996 Rules Violation Report was previously decided is not relevant to the instant suit. The Court notes, for instance, that Plaintiff conceded none of the Defendants in the instant case were involved in the adjudication of his November 24, 1996 Rules Violation Report. See ECF No. 19 at 13.
>
> However, materials regarding how Defendants interpreted "narcotics distribution" in denying Plaintiff's Family Visitation Application under Title 15, Section 3177 are relevant to Plaintiff's claims. To this point, the Court notes that Defendants already agreed to supplement their production by "produc[ing] the policies, laws, rules, and guidelines they followed in processing Plaintiff's Form 1046 Family Visiting Application." ECF No. 53 at 2. To the extent these "policies, laws, rules, and guidelines" include CDCR materials Defendants followed to interpret "narcotics distribution" when denying Plaintiff's Family Visitation Application, Defendants are **ORDERED** to produce them **within three weeks of the date of this Order.**

ECF No. 55 at 5.

## III. Plaintiff's Motion to Exclude

In the instant Motion to Exclude, Plaintiff asserts Defendants failed to produce any additional documents or further responses to Plaintiff's RFPs Nos. 5-7 in violation of the Court's July 13, 2020 Order. ECF No. 66 at 3-4. In addition, Plaintiff asserts Defendants failed to provide "their own interpretation[s]" of the policies used in denying Plaintiff's family visitation application. Id. at 5-6. Plaintiff therefore requests that the Court enter an order "excluding information concerning [D]efendants' interpretation of CDCR's guidelines" on the "distribution of a control[led] substance[.]" Id. at 1. Plaintiff specifically requests that "all evidence in regards" to Title 15 of the California Code of Regulations Sections 3000 and 3016(d) be excluded from this litigation. Id. at 6.

In their Response, Defendants state they "complied with the Court's Order" and produced the "statutes, rules or case law" each Defendant relied upon "in believing [their] actions to be lawful" in response to Plaintiff's RFP No. 3—including the CDCR regulations Defendants used in considering Plaintiff's family visitation application. ECF No. 68 at 1, 4. Defendants state that because "Defendants relied solely on the plain meaning of those regulations"—no additional "'guidelines', 'interpretive materials,' or policies" exist that could have been produced in response to Plaintiff's RFPs Nos. 5-7. Id. at 4. Defendants concede however that they did not provide "any formal notification to Plaintiff that there were no further documents to produce regarding materials used in their interpretation of the regulations relied upon[.]" Id. at 2.

## ANALYSIS

As an initial matter, the Court notes that while Plaintiff framed his request as a "Motion to Exclude" under Federal Rule of Civil Procedure 37(c)(1) [ECF No. 66 at 1], Plaintiff is requesting that sanctions be imposed on Defendants "for failing to produce documents and comply with the court order of July 13, 2020." ECF No. 66 at 6. As such, the Court finds Plaintiff's motion is more appropriately addressed under Federal Rule of Civil Procedure 37(b)(2).

Federal Rule of Civil Procedure 37(b)(2) authorizes the Court to "issue further just orders" against a party who disobeys a discovery order. Fed. R. Civ. P. 37(b)(2)(A). The available sanctions include an order "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims"; "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; "striking pleadings in whole or in part"; "staying further proceedings until the order is obeyed"; "dismissing the action or proceeding in whole or in part"; "rendering a default judgment against the disobedient party"; or "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Under Rule 37(b), the Court has "wide discretion to fashion remedies for disobeying discovery orders." Robinson v. City of San Diego, No. 11-CV-0876-AJB (WVG), 2013 U.S. Dist. LEXIS 18260, at *12-13 (S.D. Cal. Feb. 8, 2013); see Liew v. Breen, 640 F.2d 1046, 1050 (9th Cir. 1981) ("Imposition of sanctions under Rule 37(b), and the selection of the particular sanction, are matters left to the discretion of the trial court."); Von Brimer v. Whirlpool Corp., 536 F.2d 838, 844 (9th Cir. 1976) ("By the very nature of its language, sanctions imposed under Rule 37(b) must be left to the sound discretion of the trial judge.").

Here, having reviewed the evidence, the Court is not convinced Defendants disobeyed the Court's July 13, 2020 Order. In the portion of the Court's July 13, 2020 Order addressing Plaintiff's RFPs Nos. 5-7, the Court noted Defendants already agreed to supplement their responses to Plaintiff's RFP No. 3 by "produc[ing] the policies, laws, rules, and guidelines they followed in processing Plaintiff's Form 1046 Family Visiting Application[.]" ECF No. 55 at 5. Given this agreement, the Court held that to the extent these materials included "CDCR materials Defendants followed to interpret 'narcotics distribution' when denying Plaintiff's Family Visitation Application"—Defendants should produce them to Plaintiff within three weeks of the date of the July 13, 2020 Order. Id.

Unbeknownst to the Court at the time however, it appears Defendants had already served a First Set of Supplemental Responses to Plaintiff's RFPs (including RFPs Nos. 5-7) on June 23, 2020—prior to the Court's July 13, 2020 Order. See ECF No. 68-1 at 3-14, 33 (certificate of service). Concurrently with this First Set of Supplemental Responses, Defendants also produced documents supplementing their response to Plaintiff's RFP No. 3. Id. at 16-29.

In their current Response to the instant Motion to Exclude, Defendants state they subsequently reviewed the Court's July 13, 2020 Order and determined their First Set of Supplemental Responses already satisfied the Court's Order as "there were no further documents to produce." ECF No. 68 at 2. Specifically, Defendants represent that they

"produced the regulations relied upon in response to Plaintiff's request" for the "statutes, rules, or case law each defendant relied upon in believing [their] actions to be lawful" in response to Plaintiff's RFP No. 3—and this included all the "CDCR regulations that were used." Id. at 4. As such, Defendants state there were "no additional 'guidelines,' 'interpretive materials,' or policies that Defendants could have produced" in response to Plaintiff's RFPs Nos. 5-7 "because Defendants relied solely on the plain meaning of those regulations." Id.

The Court cannot order Defendants to produce documents that do not exist—and the Court's July 13, 2020 Order did not require Defendants to do so. See Garcia v. Blahnik, No. 14cv875-LAB-BGS, 2016 U.S. Dist. LEXIS 92370, at *9 (S.D. Cal. July 15, 2016); see also Baker v. Moore, No. 1:12-cv00126-LJO-SAB, 2016 U.S. Dist. LEXIS 25463, at *18 (E.D. Cal. Mar. 1, 2016) ("Defendant cannot be compelled to provide copies of documents that do not exist.").

Defendants do "acknowledge that there was no formal notification to Plaintiff that there were no further documents to produce regarding materials used in their interpretation of the regulations relied upon[.]" ECF No. 68 at 2. The Court agrees that a "formal notification" was necessary. "When a response to a production of documents is not a production or an objection, but an answer, the party must answer under oath. For example, when a party claims that all the requested documents have already been produced, it must state that fact under oath in response to the request." 7 Moore's Federal Practice - Civil § 34.13 (2020) (emphasis added); see Solarcity Corp. v. Doria, No. 16cv3085-JAH (RBB), 2018 U.S. Dist. LEXIS 8286, at *18 (S.D. Cal. Jan. 18, 2018); Medina v. Cty. of San Diego, No. 08cv1252 BA-RBB, 2014 U.S. Dist. LEXIS 135672, at *68-69 (S.D. Cal. Sep. 25, 2014). Plaintiff was therefore entitled to a written response under oath.

The Court does not believe Defendants' failure to provide one however warrants imposing the harsh sanctions Plaintiff requests here. See Fjelstad v. Am. Honda Motor Co., 762 F.2d 1334, 1340 (9th Cir. 1985) ("Rule 37(b)(2) requires that 'any sanction

[imposed pursuant to it] must be 'just.'") (citation omitted); see Lewis v. Ryan, 261 F.R.D. 513, 522 (S.D. Cal. 2009) ("Exclusion of evidence . . . is not appropriate if the failure to disclose was either substantially justified or harmless.") (citation omitted). Plaintiff's request to preclude Defendants from introducing evidence on Sections 3000 and 3016(d) of Title 15 of the California Code of Regulations is particularly harsh as it would prevent Defendants from addressing their review of Plaintiff's family visitation application—which goes to the merits of Plaintiff's retaliation claim.

In addition, Defendants do appear to have supplemented their production in response to Plaintiff's RFP No. 3. See ECF No. 68-1 at 4, 16-28. Defendants also provided "written clarification" regarding which provisions of the California Code of Regulations, Title 15 they relied upon in supplemental responses to Plaintiff's RFPs Nos. 5-7. See ECF Nos. 68-1 at 5-11. Finally, Defendants provided evidence that they supplemented interrogatory responses regarding this same subject. See e.g., ECF No. 68-1 at 36-39. As Plaintiff already has the underlying information on what CDCR materials Defendants used, the Court does not find Plaintiff's request for harsh evidentiary sanctions warranted here.[1]

For these reasons, Plaintiff's Motion is **DENIED**. To the extent Defendants have not done so, Defendants are **ORDERED** to provide a properly executed response with a statement under oath to Plaintiff's RFPs Nos. 5-7 **within two weeks of the date of this Order**.

---

[1] Even were the Court to view Plaintiff's Motion under the lens of Federal Rule of Civil Procedure 37(c), the Court's analysis would not change. The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)" Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001); see also De La Torre v. Legal Recovery Law Office, No. 12-cv-2579-LAB (DHB), 2014 U.S. Dist. LEXIS 42408, at *12 (S.D. Cal. Mar. 27, 2014) (denying Plaintiff's request for evidentiary sanctions under Rule 37(c)(1) under the Court's discretion). For the reasons already discussed, the Court finds Plaintiff's request for evidentiary preclusion would not be appropriate here.

**IT IS SO ORDERED.**

Dated: November 23, 2020

Honorable Linda Lopez
United States Magistrate Judge