UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RONNELL PERKINS, CDCR #E-30776,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>C. ANGULO; T. RAYBON; J. BERNAL,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:18-cv-0850 DMS LL<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND**<br>**[ECF No. 88]** |

**I.	Procedural History**

On May 24, 2018, the Court granted Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) and screened his Complaint before service as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b).  *See* ECF No. 3. The Court sua sponte dismissed Plaintiff Catherine Clark-Perkins but found Plaintiff's retaliation and equal protection claims against Defendants Angulo, Raybon, and Bernal sufficient to state plausible claims upon which relief may be granted.  *Id.* at 5-7.

/ / /

On February 25, 2019, the Court adopted the Report and Recommendation granting Defendants' Motion to Dismiss. *See* ECF No. 15. Plaintiff was granted leave to file an amended complaint which cured the deficiencies of pleading of his First Amendment retaliation claim and Fourteenth Amendment equal protection claim. *See id.* at 1-2. Plaintiff's due process claim was dismissed without leave to amend. *See id.*

Plaintiff filed his First Amended Complaint ("FAC") on March 25, 2019. *See* ECF No. 16. On October 17, 2019, the Court adopted the Report and Recommendation granting Defendants' Motion to Dismiss and dismissed Plaintiff's FAC in its entirety without leave to amend. *See* ECF No. 22. However, the Court later granted Plaintiff's motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e). *See* ECF No. 35 at 3. The Clerk of Court was directed to vacate the judgment entered on October 18, 2019 and Defendants were directed to file a responsive pleading. *See id.* On March 11, 2020, Defendants filed an Answer to Plaintiff's FAC. *See* ECF No. 36.

On August 19, 2020, Plaintiff filed a Motion for Summary Judgment. *See* ECF No. 58. Defendants filed an Opposition to Plaintiff's Motion on October 2, 2020, to which Plaintiff filed a Reply. *See* ECF Nos. 62, 65. On December 2, 2020, Defendants filed a Motion for Summary Judgment.[1] *See* ECF No. 70. On March 12, 2021, Court denied Plaintiff's Motion for Summary Judgment. *See* ECF No. 84. In addition, the Court granted in part, and denied in part, Defendants' Motion for Summary Judgment. *See id.*

Plaintiff has now filed a "Motion to Alter or Amend" the Court's March 12, 2021 Order. *See* ECF No. 88. Specifically, Plaintiff objects to the Court's granting Defendants' Motion for Summary Judgment as to Plaintiff's Fourteenth Amendment equal protection claim. *See id.*

---

[1] Defendants' Motion for Summary Judgment is identical to their Opposition to Plaintiff's Motion for Summary Judgment.

## II. Motion for Reconsideration

### A. Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. Fed.R.Civ.P. 60(b).

### B. Plaintiff's Motion

Plaintiff argues that his "substantive due process rights would be violated by the Court's dismissal of Plaintiff's equal protection claims because the Court's Order is based on legal error." Pl.'s Mot., ECF No. 88 at 2.

In their opposition to Plaintiff's motion for summary judgment, Defendants argued that Plaintiff failed to establish an equal protection claims because he failed to submit any evidence that he was discriminated against or treated differently from any other inmate with regard to the denial of family visiting privileges. *See* Defs.' Opp'n to Pl.'s Mtn. for Summ J., ECF No. 62 at 20. The Court found that Plaintiff failed to offer "any evidence in either his moving papers or his Opposition to Defendants' Motion to dispute Defendants' testimony that they did not treat Plaintiff differently from any other inmate" and offered "no evidence to identify inmates to whom he was purportedly similarly situated." Mar. 12, 2021 Order, ECF No. 84 at 22. Accordingly, the Court found that Plaintiff could not established a genuine issue of material fact to demonstrate the existence of a group that he was "similarly situated" or that he was treated differently from any other inmate and therefore, granted Defendants' motion for summary judgment as to Plaintiff's equal protection claim and denied Plaintiff's motion for summary judgment as to his equal protection claim. *See id.* at 22-23.

In Plaintiff's current Motion, he claims that he was thwarted from providing evidence to support his equal protection claims because Defendants purportedly failed to comply with previous Court orders requiring them to submit "statistical data" showing the names of inmates who were approved for family visitation at Centinela State Prison ("CEN") from "February 21, 2017 until February 15, 2019." Pl.'s Mot., ECF No. 88 at 4-5.

On July 13, 2020, Magistrate Judge Linda Lopez, in ruling on Plaintiff's motion to compel seeking discovery to support this claim, ordered Defendants to provide Plaintiff with "statistical data" of "LWOP[2] inmates" housed at CEN who were approved for "family-visiting" from February 21, 2017 to December 31, 2017. July 13, 2020 Order, ECF No. 55 at 9-10. Defendants were ordered to produce "statistical data responsive to Plaintiff's request limited to Centinela State Prison within three weeks" of the date of the Court's Order. *Id.* at 10. Plaintiff attaches as an exhibit a response by Defendants to this discovery issue in which they state that they "made an inquiry of Centinela State Prison administrative staff for this information and [have] been informed that there is no way to make this determination because the prison does not have a data base that shows which inmates were granted family visiting by the staff that made that approval." Pl.'s Mot., ECF No. 88, Ex. 1, Defendant Raybon's Supplemental Responses to Plaintiff's First Set of Interrogatories dated July 24, 2020. The Court's docket does not reflect that Plaintiff filed any further motion to compel to obtain this information. More importantly, Plaintiff does not refer to the attempt to obtain this information, and Defendants' response that they were unable to locate this information, in his motion for summary judgment or in his opposition to Defendants' motion for summary judgment.

At the time that the Court ruled on these cross-motions for summary judgment, there were no entries in the Court's docket that show that there were any outstanding

---

[2] LWOP is an acronym for an inmate serving a sentence of life without the possibility of parole.

discovery issues, nor does Plaintiff demonstrate that he filed any further motions to compel this discovery that Defendants maintained did not exist.  While Plaintiff may argue that the "Court should revoke its Order in regard to Plaintiff's equal protection claims because these Defendants hampered discovery," there is no basis for the Court to reconsider its finding that Plaintiff failed to provide any evidence that would raise a triable issue of material fact that his right to equal protection was violated.

A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision.  *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").

### III.   Conclusion and Orders

For the reasons explained, the Court:

DENIES Plaintiff's Motion for Reconsideration (ECF No. 88).

**IT IS SO ORDERED**.

Dated:  April 16, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court