1   ROB BONTA
    Attorney General of California
2   CHRISTOPHER H. FINDLEY
    Supervising Deputy Attorney General
3   TERRENCE F. SHEEHY
    Deputy Attorney General
4   State Bar No. 203986
     1300 I Street, Suite 125
5     P.O. Box 944255
     Sacramento, CA 94244-2550
6    Telephone: (619) 738-9545
     Fax: (619) 645-2581
7    E-mail: Terrence.Sheehy@doj.ca.gov
    *Attorneys for Defendants C. Angulo, T.*
8   *Raybon, and J. Bernal*

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14  **GARY RONNELL PERKINS,**              3:18-CV-00850-DMS-LL

15                        Plaintiff,       **DEFENDANTS' MOTION IN LIMINE TO HAVE PLAINTIFF**
16            **v.**                       **SHACKLED AT TRIAL**

17                                         **[1 of 1]**

18  **C. ANGULO, et al.,**                 Trial: August 13, 2021
                                           Time: 1:30 p.m.
19                        Defendants.      Courtroom: 13A
                                           Judge:       Hon. Dana M. Sabraw
20                                         Trial Date:   August 30, 2021

21

22        **TO PLAINTIFF GARY RONNELL PERKINS, PRO SE:**

23        **PLEASE TAKE NOTICE** that Defendants will move this Court for an in

24  limine order to have Plaintiff, Gary Ronnell Perkins, pro se, shackled at trial and in

25  prison clothes.  This motion is based on this notice, the argument below, the Exhibit

26  attached hereto, the Court's file in this case, and any arguments presented to the

27  Court.

28  / / /

                                        1

**ARGUMENT**

Plaintiff, Gary Ronnell Perkins, CDCR No. E-30776, is an inmate incarcerated within the California Department of Corrections and Rehabilitation.  Plaintiff has informed defense counsel that he will be petitioning the Court for a writ of habeas corpus ad testificandum for his personal appearance at the trial in this matter commencing on August 30, 2021 (ECF No. 95.)  The Court should order Plaintiff be shackled at trial because Plaintiff is a convicted felon serving a life term for murder and kidnapping for robbery.

## I.   LEGAL STANDARD FOR USE OF RESTRAINTS DURING A CIVIL TRIAL.

An inmate's right to appear before the jury without shackles is not absolute. *Wilson v. McCarthy*, 770 F.2d 1482, 1484 (9th Cir. 1985).  "The trial court has discretion to use shackles or other security measures when circumstances dictate." *Id.* (citing *Illinois v. Allen*, 397 U.S. 337, 343-44 (1970)).  The Supreme Court recognized and addressed the potential risk prisoners place on courtroom security in *Illinois v. Allen*, 397 U.S. 337:  "It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country."  (*Id.* at 343.)  "The trial court must balance the prejudicial effect of shackling with considerations of courtroom decorum and security."   *Wilson*, 770 F.2d at 1484 (citing *Allen*, 397 U.S. at 343-44).

The analysis used to determine when restraints are necessary in criminal cases is also applicable in civil cases, and in each instance the trial court has wide discretion.  *U.S. v. Amaro*, 816 F.2d 284, 285 (7th Cir. 1987); *Harrell v. Israel*, 672 F.2d 632, 636 (7th Cir. 1982).  In deciding whether to shackle a prisoner during a jury trial, the district court must balance the need to protect the jury, court officers and witnesses, with any prejudice the shackles could arouse in the jurors' minds. *Lemons v. Skidmore*, 985 F.2d 354, 357-58 (7th Cir. 1993).  Handcuffs and/or leg shackles may be kept from the view of the jurors, and therefore are less prejudicial. *See Woods v. Thieret*, 5 F.3d 244, 247 (7th Cir. 1993).

2

1    The balancing of interests (prejudice to the inmate versus security and escape)

2  is best resolved outside the presence of the jury to determine the threat an

3  individual prisoner (party or witness) poses to courtroom security. *Id.* at 247-48;

4  *see Lemons*, 985 F.2d at 358. The Court is entitled to rely on a variety of sources

5  including but not limited to the prisoner records, witnesses, correctional or law

6  enforcement officers, and the federal marshals whose statutorily defined duties

7  include: "provid[ing] for the personal protection of Federal jurists, court officers,

8  [and] witnesses . . . ." 28 U.S.C. § 566(e).

9    While the trial court may rely "heavily" on the marshals in evaluating the

10  appropriate security measures to take with a given prisoner, the court bears the

11  ultimate responsibility for that determination, and may not delegate the decision to

12  shackle an inmate to the marshals. *See, e.g., Lemons*, 985 F.2d at 358 n.4; *United*

13  *States v. Ellender*, 947 F.2d 748, 760 (5th Cir. 1991); *U.S. v. Weeks*, 919 F.2d 248,

14  250 (5th Cir. 1990). After considering the relevant information as to the inmate's

15  proclivity toward disruptive and/or violent conduct, the judge must then determine

16  whether the prisoner (party or witness) poses a risk to courtroom security, risk of

17  disrupting the proceeding, or a risk of flight. If the judge concludes the prisoner

18  presents a risk, he may order the use of restraints, whether it be arm or leg, but at

19  the same time attempt to prevent the jury from viewing those restraints. The court

20  may accomplish this by directing that the prisoner be seated at the witness stand

21  before the jury returns to the courtroom. *See U.S v. Amaro*, 816 F.2d at 285

22  (discussing the trial court's attempt to prevent the jury from viewing the restraints).

23  **II.    JUSTIFICATION FOR RESTRAINING PLAINTIFF AT TRIAL.**

24    Multiple factors favor restraining Plaintiff at trial. There is no prejudice to

25  Plaintiff being shackled because the jury will know that he is an inmate because of

26  the nature of the case. The jury can also be given a limiting instruction not to

27  consider the presence of shackles or prison clothes for any purpose. If, however,

28  Plaintiff is not shackled and is allowed to wear street clothes, he could scare,

3

1  threaten, or injure the court staff, jurors, attorneys trying the case, or correctional

2  officers while trying to flee.  If he is able to successfully flee, by for example,

3  taking someone hostage, then he will be a danger to the public at large.

4      Plaintiff's conviction offenses provide more pointed support for this request.

5  Plaintiff was convicted of two counts of murder, and one count of kidnapping for

6  robbery.  (Ex. A.)  He was sentenced to life without possibility of parole for his

7  conviction on his murder charges.  (*Id.*)

8                          **CONCLUSION**

9      No party will suffer prejudice by having Plaintiff shackled, but if he is not

10  shackled, persons within his vicinity may very well be hurt.  For the safety and

11  security of the jurors, the court staff, the attorneys, correctional officers, and the

12  public, Plaintiff should be shackled at trial and wear prison clothes.  The jury will

13  know that he is an inmate with a felony conviction, and will assume that the

14  shackling and prison clothes are simply part and parcel of his incarceration.  The

15  risk of leaving him unshackled is potentially life threatening.

16  Dated:  July 29, 2021                    Respectfully submitted,

17                                           ROB BONTA
                                             Attorney General of California
18                                           CHRISTOPHER H. FINDLEY
                                             Supervising Deputy Attorney General
19

20

21                                           *s/TERRENCE F. SHEEHY*
                                             Deputy Attorney General
22                                           *Attorneys for Defendants*
                                             *C. Angulo, T. Raybon, and J. Bernal*
23

24  SD2018700895
    35333170.docx

25

26

27

28

Defs.' Mot. In Limine to Have  Pl. Shackled at Trial (3:18-CV-00850-DMS-LL)

*Perkins, Gary Ronnell v. C. Angulo, et al.*

Case No.: 3:18-CV-00850-DMS-LL

**Index of Exhibits**

| Exhibit No. | Document Descriptions | | Page No. |
|---|---|---|---|
| **A** | **Report of Indeterminate Sentence, Abstract of Judgment and Judgment** | | **7-9** |

*Perkins, Gary Ronnell v. C. Angulo, et al.*

Case No.: 3:18-CV-00850-DMS-LL

# Exhibit A

*People v. Perkins*

Case No. A913645

Report of Indeterminate Sentence

Abstract of Judgment

Judgment

POOR ORIGINAL

**REPORT—INDETERMINATE SENTENCE, OTHER SENTENCE CHOICE**

FORM CR 291

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**

BRANCH **SOUTHWEST**

| COURT I.D. | CASE NUMBER(S) | |
|---|---|---|
| 190010 | A913645 | – A |



PEOPLE OF THE STATE OF CALIFORNIA  versus  XXX PRESENT

DEFENDANT: **PERKINS, GARY RONNELL**

AKA:

☐ NOT PRESENT

| | – B |
| | – C |
| | – D |
| | – E |

REPORT TO JUDICIAL COUNCIL OF☒ INDETERMINATE SENTENCE

TO STATE PRISON ☐ SENTENCE CHOICE OTHER THAN STATE PRISON

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 9 21 89 | SWL | JOHN P. SHOOK | D. LUNA |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| D. ESPINOZA | P. FLANIGAN | H.CLAY JACKE/H.CLAY JACKE II | X-269108 |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

A. ☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTION BY JURY TRIAL | COURT TRIAL | PLEA | 654 STAY | 12022.1(a) | 12022.5(a) | 12022.5(b) | 12022.5(b) | 12022.5(a) | 12022.7 | 12022.8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 187(a)* | MURDER 1st deg | 85 | 5 | 16 | 89 | X | | | | | | | | X | | |
| 2 | PC | 187(a)* | MURDER 1st deg | 85 | 5 | 16 | 89 | X | | | | | | | | | | |
| 3 | PC | 209(b) | KIDNAPPING for ROBRY | 85 | 5 | 16 | 89 | X | X | | | | | | | | | |

2. A. Number of prior prison terms charged and found

| SECTION | NUMBER |
|---|---|
| 667.5(a) | |
| 667.5(b) | |
| 667.6(b) | |

B. Number of prior felony convictions

| SECTION | NUMBER |
|---|---|
| 667.6(b) | |

3. ☐ Defendant was sentenced to **death** on counts _____ , _____ , _____ , _____ .

4. ☐ Defendant was sentenced to State Prison:

  A. XXX For life, or a term such as 15 or 25 years to life, with possibility of parole, on counts **3 plus ct.3 12022.5a 8mos**

  B. XXX For life without the possibility of parole on counts **1** , **2**  12022.5a PC STAYED AS TO CTS. 1 & 2

  C. ☐ For other term prescribed by law on counts _____ , _____ , _____ , _____ .

5. ☐ Counts _____ , _____ , _____ , _____ , were deemed misdemeanors.

  A. ☐ Defendant sentenced to _____ days in county jail for all counts.

  B. ☐ Defendant fined in sum of $ _____

6. ☐ For counts _____ , _____ , _____ , the defendant was placed on probation.

  A. (1) ☐ Sentence pronounced and execution of sentence was suspended; or

    (2) ☐ Imposition of sentence was suspended.

  B. ☐ Conditions of probation included ☐ Jail Time _____ days ☐ Fine

7. Other dispositions

  A. ☐ Defendant was committed to California Youth Authority.

  B. ☐ Proceedings suspended, and defendant was committed to California Rehabilitation Center.

  C. ☐ Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.

  D. ☐ Proceedings suspended, and defendant was committed as mentally incompetent.

  E. XXX Other (Specify) **CT.I TO RUN CONSECUTIVLY TO CTS.II,III,IV,VI**

  **CT.II IS STAYED PENDING COMPLETION OF SENTENCE IN CT.II,III,IV,VI**

NOTE:  PURSUANT TO ARTICLE VI, SECTION 6 OF THE CALIFORNIA CONSTITUTION AND SECTION 68505 OF THE GOVERNMENT CODE, THE CHIEF JUSTICE REQUIRES THAT EACH SUPERIOR COURT SHALL COMPLETE THIS FORM FOR EACH INDETERMINATE SENTENCE TO STATE PRISON OR SENTENCE CHOICE OTHER THAN STATE PRISON. THE REPORTS IMPLEMENT SECTION 1170.4 OF THE PENAL CODE AND SHALL BE MAILED TO: ADMINISTRATIVE OFFICE OF THE COURTS, 350 McALLISTER, 3200 STATE BUILDING, SAN FRANCISCO, CALIFORNIA 94102

DATE **9-21-89**

SIGNATURE OF CLERK

**REPORT—INDETERMINATE SENTENCE, OTHER SENTENCE CHOICE**

FORM CR 291 (10/1/81)

Const., Art. VI, § 6
Pen C. 1170.4, 1170.6

WHITE COPY TO ADMINISTRATIVE OFFICE OF THE COURTS

**Exhibit A**

7

**POOR ORIGINAL**
OK'D TO GO S/W NOTED

SEP 2 2 1989

FORM DSL 290

## ABSTRACT OF JUDGMENT — COMMITMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ___LOS ANGELES___
COURT I.D. **190010** BRANCH ___SOUTHWEST___

**8454945**

| PEOPLE OF THE STATE OF CALIFORNIA | versus | XXX PRESENT | CASE NUMBER(S) | |
|---|---|---|---|---|
| | | | A913645 | – A |
| DEFENDANT: PERKINS, GARYRONNELL | | ☐ NOT PRESENT | | – B |
| AKA: | | | | – C |
| COMMITMENT TO STATE PRISON | | | | – D |
| ABSTRACT OF JUDGMENT | ☐ AMENDED ABSTRACT | | | – E |

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 9 18 89 | SWL | JOHN P. SHOOK | D. LUNA |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| D. ESPINOZA | P. FLANIGAN | H.CLAY JACKE/H.CLAY JACKE II | X-269108 |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

A. ☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO DAY YR | CONVICTION BY | | | | TERM (L,M,U) | | | | | | | | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | PC | 207(L.I.O.) | KIDNAPPING | 85 | 5 16 89 | X | | | | U | | | | | | | 87 SEE DUMM | |
| 5 | PC | 211** | ROBBERY 2nd deg | 85 | 5 16 89 | X | | | | M | X | | | X | | | XXXX | |
| 6 | PC | 211** | ROBBERY 2nd deg | 85 | 5 16 89 | X | | | | M | X | | | /X/ | | | 1 | |

2. ENHANCEMENTS (CHARGED AND FOUND, STRICKEN, TIME IMPOSED):

| COUNT | 12022(a) | | | 12022(b) | | | 12022.3(a) | | | 12022.3(b) | | | 12022.5 | | | 12022.6(a) | | | 12022.6(b) | | | 12022.7 | | | 12022.8 | | | 12022.5a | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | C/F | S | I | X | | X | 2 |
| 4 | | | | | | | | | | | | | | | | | | | | | | | | | X | | X | | | | 2 |
| 5 | | | | | | | | | | | | | | | | | | | | | | | | | X | X | | | | | |
| 6 | | | | | | | | | | | | | | | | | | | | | | | | | X | X | | | | | |

3. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CREDIT FOR TIME SERVED |
|---|---|
| | |

5. A. NUMBER OF PRIOR PRISON TERMS:

| | $ | C/F | S |
|---|---|---|---|
| 667.5(a) | | | |
| 667.5(b) | | | |
| 667.6(b) | | | |

B. NUMBER OF PRIOR FELONY CONVICTIONS:

| | $ | C/F | S |
|---|---|---|---|
| 667.6(a) | | | |

4. OTHER ORDERS:

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

7. TIME STAYED § 1170.1(a) [5-YEAR LIMIT] AND/OR § 1170.1(f) [DOUBLE BASE LIMIT]:

8. TOTAL TERM IMPOSED: ——————————————————➤  11

9. EXECUTION OF SENTENCE IMPOSED:   SEE POENUM CHU mod to /

XXX A. AT INITIAL SENTENCING HEARING  B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL  C. ☐ AFTER REVOCATION OF PROBATION  D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT [ PC § 1170(d) ]

| 10. DATE SENTENCE PRONOUNCED: | CREDIT FOR TIME SPENT IN CUSTODY: | TOTAL DAYS | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| 9 8 89 | | 1901 | INCLUDING: 1267 | 634 | ☐ DMH  ☐ CDC |

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

XXX ☐ FORTHWITH  ☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS  ☐ INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:  ☐ CALIF. INSTITUTION FOR WOMEN — FRONTERA  ☐ CALIF. MEDICAL FACILITY — VACAVILLE  XXX ☐ CALIF. INSTITUTION FOR MEN — CHINO  ☐ OTHER (SPECIFY): _____

### CLERK OF SUPERIOR COURT

*I hereby certify the foregoing to be a correct abstract of the judgment made in this action.*

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| | 9-21-89 |

This form is prescribed pursuant to Penal Code § 1213.5 to satisfy the requirements of Penal Code § 1213 (Abstract of Judgment and Commitment) for determinate sentences under Penal Code § 1170. A copy of the probation report shall accompany the Department of Corrections' copy of this form pursuant to Penal Code § 1203.01. A copy of the sentencing proceedings and any supplementary probation report shall be transmitted to the Department of Corrections pursuant to Penal Code § 1203.01. Attachments may be used but must be incorporated by reference.

Form Adopted by the
Judicial Council of California
Effective July 1, 1981

### ABSTRACT OF JUDGMENT — COMMITMENT
FORM DSL 290

Pen.C. 1213.5.

DISTRIBUTION:   PINK COPY — COURT FILE.   YELLOW COPY — DEPARTMENT OF CORRECTIONS.   WHITE COPY — ADMINISTRATIVE OFFICE OF THE COURTS.

POOR ORIGINAL

 

DEPT

Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Date: **8-8-89**

HONORABLE: **JOHN P. SHOOK**                JUDGE           **D. LUNA**

**L. RIOS**                Deputy Sheriff           **D. ESPINOZA**                , Reporter

(Parties and counsel checked if present)

---

**A913645**                                        , DISTRICT ATTY.           BY

**PEOPLE OF THE STATE OF CALIFORNIA**       Counsel for Plaintiff   **P. FLANIGAN**                DEPUTY

VS

Counsel for Defendant   **H.CLAY JACKE** , PUBLIC DEFENDER   BY

**PERKINS, GARY RONNELL**                   **H.CLAY JACKE II**                DEPUTY

---

NATURE OF PROCEEDINGS  PROBATION AND SENTENCE           (Boxes checked if order applicable)

PROBATION DENIED. SENTENCE AS INDICATED BELOW.
Whereas the said defendant having...................**BEEN**..............duly..............**FOUND**........................................
guilty in this court of the crime of **MURDER 187(a) PC, A FELONY AS CHARGED IN COUNT I OF THE INFORMATION** WHICH THE JURY FOUND TO BE MURDER IN THE FIRST DEGREE: AND THE ALLEGATION PURSUANT TO 12022.5a PC TO BE TRUE: AND THE ALLEGATIONS PURSUANT TO 190.2(a)(17) PC TO BE TRUE:AND THE ALLAGATION PURSUANT TO 190.2(a)(3) PC TO BE TRUE. **MURDER 187(a) PC** A FELONY AS CHARGED IN CT.II WHICH THE JURY FOUND TO BE MURDER IN THE FIRST DEGREE: THE ALLEGATION PURSUANT TO 12022.5a PC TO BE TRUE: AND THE ALLEGATION PURSUANT TO 190.2(a)(17) PC TO BE TRUE. **KIDNAPPING FOR ROBBERY** ~~&~~ 209(b) PC A FELONY AS CHARGED IN COUNT III OF THE INFORMATION AND THE ALLEGATION PURSUANT TO 12022.5a TO BE TRUE. **KIDNAPPING 207 PC** A FELONY A LESSER INCLUDED OFFENSE OF THE OFFENSE CHARGED IN CT.IV TO BE TRUE. **ROBBERY 211 PC** 2nd DEGREE A FELONY AS CHARGED IN CT.V OF THE INFORMATION: AND THE ALLEGATION PURSUANT TO 12022.5a TO BE TRUE. **ROBBERY 211 PC** 2nd DEGREE A FELONY AS CHARGED IN CT VI OF THE INFORMATION AND THE ALLEGATION 12022.5a TO BE TRUE.

89 SEP 25 AM C.I.M.R.C.

It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison. FOR THE TERM PRESCRIBED BY LAW, LIFE WITHOUT THE POSSIBILITY OF PAROLE IN COUNTS I AND II. THE ENHANCEMENTS IN CTS. I AND II ARE STAYED. IN COUNT III LIFE WITH THE POSSIBILITY OF PAROLE PLUS 8 MONTHS FOR THE 12022.5a PC. IN COUNT ~~XX XX~~ IV SENTENCED TO THE UPPER TERM OF 8 YEARS AND THE ENHANCEMENT PURSUANT TO 12022.5a SENTENCED TO 2 YEARS. IN COUNT V THE SENTENCE WAS STAYED PURSUANT 654. IN COUNT VI SENTENCED TO MID 1/3 TERM OF 1 YEAR AND THE ENHANCEMENT PURSUANT TO 12022.5a PC WAS STAYED

☒ Defendant is given credit for.....**1901**.....................days in custody (includes **634** days good time/work time). **1267 ACTUAL TIME**
It is further Ordered that the defendant be remanded into the custody of the Sheriff of the County of Los Angeles and delivered by him into the custody of the Director of Corrections at the California State Institution
☐ for Men at Chino, California
☐ for Women at Frontera, California
☐ ...........................................................................

☐ Remaining count(s) dismissed in interests of justice.
☐ Bail exonerated.

E N T E R E D
**8-8-89**
**FRANK S. ZOLIN**
COUNTY CLERK
AND CLERK OF THE
SUPERIOR COURT

2    76J805A (REV. 7-82) 7-82
C-109

**JUDGMENT**

PINK ORIGINAL TO FILE          YELLOW COPY TO STATEWIDE DISTRIBUTION
WHITE COPY TO MICROFILM          GREEN COPY TO PROBATION EXPEDITER

**Exhibit A**

9

# CERTIFICATE OF SERVICE

Case Name:  **Gary R. Perkins v. C. Angulo, et al.**    Case No.    **3:18-CV-00850-DMS-LL**

I hereby certify that on July 30, 2021, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S MOTION IN LIMINE TO HAVE PLAINTIFF SHACKLED AT TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On July 30, 2021, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Gary Ronnell Perkins
CDCR No.: E-30776
Valley State Prison
B4-22-2L
P.O. Box 96
Chowchilla, CA 93610

*Plaintiff In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 30, 2021, at San Diego, California.

| | |
|---|---|
| C. Ramirez | *C. Ramirez* |
| Declarant | Signature |

SD2018700895
82981447.docx